**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-01465-001-TUC-CKJ (JR) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Gabriel Mariscal Benitez, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Amend/Clarify Judgment. (Doc. 50). The government has no objection to the Motion.

On January 9, 2019, Defendant was sentenced to thirty-six (36) months of incarceration, with credit for time-served, to be followed by a four (4) year term of supervised release. (Doc. 48). Defendant requests this Court to amend the judgment to reflect that he should receive credit for 492 days for time-served, as reflected in his Presentence Report because the Federal Bureau of Prisons[1] has miscalculated the amount of time-served credit he should receive.

However, "the Supreme Court [has] held that a district court lacks the authority to calculate credit for time served in the first instance. The initial calculation must be made by the Attorney General acting through the Bureau of Prisons. [*United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).]" *United States v. Lualemaga*,

---

[1] Although Defendant states that the Department of Corrections has miscalculated his credit for time-served, Defendant is not under the custody of the Department of Corrections, but rather the Federal Bureau of Prisons.

280 F.3d 1260, 1265 (9th Cir. 2002). If appropriate, a prisoner may seek judicial review of the computations after exhausting administrative remedies. *Wilson*, 503 U.S. at 335; *United States v. Martinez*, 837 F.2d 861, 865, 866 (9th Cir. 1988). Defendant has not asserted that he has exhausted his administrative remedies regarding credit for his pre-conviction custody.

Further, Defendant has filed this request rather than seeking habeas relief. *See e.g.*, *Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (28 U.S.C. § 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted); Donald E. Wilkes, Federal Postconviction Remedies and Relief Handbook § 1:22 (2014) (section 2241 petition is used to attack prison authorities' determination of the duration of sentence). Therefore, at this time, the Court declines to review the credit for time-served issue raised by Defendant.

Accordingly, IT IS ORDERED that Defendant's Motion to Amend/Clarify Judgment (Doc. 50) is **denied**.

Dated this 21st day of February, 2019.

_____
Honorable Cindy K. Jorgenson
United States District Judge